UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

REGINALD TYRONE PORTER,

       Plaintiff,
v.

EMPIRE PAINTING AND WATERPROOFING, LLC,
ROGER GUTIERREZ,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, REGINALD TYRONE PORTER ("Porter"), brings this action against Defendants, EMPIRE PAINTING AND WATERPROOFING, LLC ("Empire") and ROGER GUTIERREZ ("Gutierrez"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Porter was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Empire was a Florida corporation that regularly transacted business in Broward County, Florida.

4. Gutierrez is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Empire, ran the day-to-day operations and had operational control over Empire, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Porter.

5. Empire's business involves waterproofing, painting, and deck coating.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. Upon information and belief, Empire's gross sales or business done was in excess of $500,000 per year at all times material hereto.

8. Empire was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

9. Porter worked for Defendants as a laborer and foreman.

10. Defendants failed to pay Porter's full and proper overtime wages.

11. Defendants knowingly and willfully refused to pay Porter's legally-entitled wages.

12. Attached as **Exhibit A** is a preliminary calculation of Porter's claims. These amounts may change as Porter engages in the discovery process.

13. Porter retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

14. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

              Respectfully submitted,

              Koz Law, P.A.
              800 East Cypress Creek Road Suite 421
              Fort Lauderdale, Florida 33334
              Tel: (786) 924-9929
              Fax: (786) 358-6071
              Email: ekoz@kozlawfirm.com

              */s/ Elliot A. Kozolchyk*
              _____
              Elliot Kozolchyk, Esq.
              Bar No.: 74791